UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC ANTHONY KING,

    Plaintiff,    Hon. Phillip J. Green

v.    Case No. 1:23-cv-592

MICHAEL BURGESS, et al.,

    Defendants.
_____/

## OPINION

This matter is before the Court on Defendant Kendra Johnson's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 19). Plaintiff has also filed a Motion for Sanctions (ECF No. 24) and a Motion for Continued Settlement (ECF No. 28). For the reasons discussed herein, the Court will deny Plaintiff's motions and grant Defendant's motion.

## BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 against Warden Michael Burgess, Acting Assistant Deputy Warden J. Erway, Resident Unit Manager Kendra Johnson, Grievance Coordinator T. Bassett, and Prison Counselor M. Turner. (ECF No. 1). The Court issued a screening opinion pursuant 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c) and dismissed all of Plaintiff's claims except a retaliation claim against Defendant Johnson. (ECF No. 12, 13).

With respect to the remaining retaliation claim, Plaintiff alleges that during his September Security Classification Committee interview, Defendant Johnson told Plaintiff that if he did not stop writing kites and grievances, she would make sure he never got out of segregation. Defendant Johnson also stated, "any time a black motherf**ker hits one of my officers that son-of-a-b*tch has nothing coming." (*Id.* at PageID.10).

Defendant Johnson now moves for summary judgment on the ground Plaintiff has failed to properly exhaust his administrative remedies. (ECF No. 19, 20). Plaintiff has responded (ECF No. 23), and Defendant filed a reply (ECF No. 26). Plaintiff has also filed a Motion for Continued Settlement (ECF No. 28) and a Motion for Sanction (ECF No. 24), arguing that Defendant should be sanctioned for filing a frivolous summary judgment motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*,

398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*,

-3-

578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

Defendant argues that Plaintiff failed to exhaust any grievance related to this case through Step III. Plaintiff disagrees. He argues that Grievance # ECF-22-09-1427-22G clearly shows that he exhausted his retaliation claim against Defendant Johnson. He also argues that Defendant Johnson should be sanctioned for filing a frivolous motion.

A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint."  *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks omitted).  To establish a claim of First Amendment retaliation, a plaintiff must show: (1) he engaged in constitutionally protected activity; (2) he was subjected to adverse action that would deter a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse action was motivated at least in part by the plaintiff's protected activity.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

In the complaint, Plaintiff alleges that Defendant Johnson told him that if he did not stop filing kites and grievances, she would make sure that Plaintiff never got out of segregation.  (*See* ECF No. 12 at PageID.67).  But, in Grievance # ECF-22-09-1427-22G, Plaintiff alleges that Defendant Johnson retaliated against him because he assaulted another prison guard.  (ECF No. 20-3 at PageID.133).  Plaintiff makes no mention of any grievance he previously filed or any other protected conduct.  Because Plaintiff did not identify any protected conduct—and explicitly alleged that he was being retaliated for non-protected conduct—the Court finds that the grievance did not give Defendants fair notice of the basis that forms the constitutional claim.  The Court, therefore, will dismiss Plaintiff's remaining claim without prejudice for failure to exhaust.

## **CONCLUSION**

Accordingly, Defendant's Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 19) is **GRANTED** and Plaintiff's remaining claim against Defendant Johnson is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 24) is **DENIED** and Plaintiff's Motion for Continued Settlement (ECF No. 28) is **DENIED** as moot.

A judgment consistent with this Opinion will enter.

Date: August 6, 2025                    /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate